# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BLAINE JUSTIN OLDS,<br><br>        Defendant. | CR-25-06-GF-BMM<br><br>**ORDER ON<br>SELF-SURRENDER** |

  Defendant Blaine Justin Olds has moved the Court for an order releasing him from federal custody and allowing him to self-surrender to a Bureau of Prisons Facility ("BOP") as directed by the United States Marshal Service upon designation. (Doc. 108.) Olds seeks this request to be able to visit Parkside Credit Union to make financial arrangements for his wife, get a stress test done, obtain an evaluation of a blood clot in his leg, and visit his father-in-law. (*Id*. at 2.)

  Olds pleaded guilty to Count 1, Possession with the Intent to Distribute Methamphetamine. (Doc. 71.) Count 1 carries a maximum sentence of 10 years or more. 18 U.S. C. § 3142(f)(1). Olds was released prior to sentencing to allow him to attend inpatient treatment in Columbia Falls, Montana. (Doc. 42.) The Government moved to revoke Olds's release due to non-compliance. (Doc. 51.) A revocation hearing was held on March 27, 2025. The Court determined that Olds had violated

the conditions of his pretrial release. (Doc. 54.) The Court revoked Olds's release. (*Id*.) Olds was remanded back to the custody of the United States Marshal Service. (*Id*.) Olds appeared for sentencing on November 10, 2025. (Doc. 104). Olds requested the Court to allow him to self-surrender to custody of the BOP. The Court directed Olds to file a written motion for his self-surrender request. (Doc. 108.) The Court sentenced Olds to 90 months of imprisonment followed by three years of supervised released. (Doc. 106.)

A defendant's detention and release are governed by 18 U.S.C. § 3143. A defendant found guilty of a narcotics offense that carries a maximum sentence of 10 years or more must be detained awaiting imposition unless certain criteria is met. 18 U.S.C. § 3143(2). A defendant shall be detained, unless (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted or (2) a judge finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community. *Id*.

The Court finds that the criteria outlined in 18 U.S.C. § 3143(2) does not support Olds's request for release and self-surrender to BOP. Olds was non-compliant on pretrial release. The Court previously determined that Olds would be unlikely to abide by release conditions. (Doc. 55.) Olds's history of non-compliance indicates he may pose a danger to the community. The Government argues that because Olds faces a lengthy prison sentence that it may create conditions in which

Olds has a likelihood of fleeing. (Doc. 109 at 4.) The Court agrees. The Court determines that there is not clear and convincing evidence that Olds is not likely to flee or pose a danger to any person or the community to support Olds's release and self-surrender.

Accordingly, **IT IS HEREBY ORDERED** that Olds's Motion to Self-Surrender (Doc. 108) is **DENIED**.

DATED this 19th day of December, 2025.

_____
Brian Morris, Chief District Judge
United States District Court